# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

MCALLEN LACEY,

    Plaintiff,

vs.                                      Civil No. 98-1330 M/WWD

JOE WILLIAMS,

    Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

    1. THIS MATTER comes before the Court upon Defendant's Motion to Dismiss, filed February 19, 1999 **[docket #11]**, and sua sponte. Plaintiff is a handicapped inmate who is housed in the handicapped unit at the Central New Mexico Correctional Facility in Los Lunas ("CNMCF"), proceeding pro se and in forma pauperis. He alleges that Defendant violated his Eighth Amendment rights when a non-handicapped inmate entered his room on December 10, 1997 and violently assaulted him, requiring him to be hospitalized and needing to use a colostomy bag from the injuries he sustained.

    2. Neither prison officials nor municipalities can absolutely guarantee the safety of their prisoners. They are, however, responsible for taking reasonable measures to insure the safety of inmates. See Berry v. City of Muskogee, 900 F.2d 1489, 1499 (10th Cir.1990). To violate the Cruel and Unusual Punishments Clause, a prison official must have a "sufficiently culpable state of mind." In prison-conditions cases that state of mind is one of "deliberate indifference" to inmate health or safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

    3. Defendant contends that Plaintiff fails to present facts which show Williams' personal

involvement, see Foote v. Spiegel et al., 118 F.3d 1416, 1423 (10th Cir. 1997) (individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation), and that there is also no factual support inferring a sufficiently culpable state of mind. In ruling on a motion to dismiss, I must assume that all of Mr. Lacey's factual allegations are true and construe them in the light most favorable to him as the plaintiff. Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991). Plaintiff's pro se status also affords him a liberal construction of his pleadings. See Shabazz v. Askins, 14 F.3d 533, 535 (10th Cir. 1994).

4. From this perspective, I find that Plaintiff has alleged facts sufficient to withstand Defendant's motion to dismiss. Courts may not dismiss a lawsuit for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him or her to recovery. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). At pages two and three in the complaint, Plaintiff makes statements which can be construed as allegations that the institution's policy is deliberately indifferent to the safety of the inmates. He states that the institution's housing of handicapped inmates together with non-handicapped inmates creates situations where the former are unable to defend themselves. Plaintiff specifically alleges that Defendant allowed a "dangerous inmate [sic] to be placed [on] the medical unit with other inmates who were incapacitated and could not defend themselves." Compl. at 2.

5. Plaintiff contends that the unit rover has too many areas to monitor so that units are left unchecked for periods of more than an hour and a half. His statements concerning the warden, Defendant Williams, can be construed as alleging actual knowledge and deliberate

indifference by the warden toward inadequate housing policies relating to handicapped inmates.[1]  I find that these statements constitute allegations which infer the existence of a constitutionally inadequate policy.  Cmp., Lopez v. LeMaster, 1999 WL 203054 (10th Cir. Okla) (summary judgment for defendants reversed where facts sufficient to show that failure of jail's "final policymaker" to provide adequate staffing and monitoring of inmates constituted "policy" attributable to county).

6. However, Defendant is correct that Williams cannot be sued in his official capacity. See Kentucky v. Graham, 473 U.S. 159, 166 (1985) (official capacity suit is treated as a suit against the state, which is precluded by the Eleventh Amendment).  However, it is not clear from the complaint whether Plaintiff is suing Williams in his official or individual capacity.  I note that Plaintiff states that Defendant was acting "under color of state law," indicating a suit brought in an individual capacity, and that he does not ask for punitive damages, which is precluded by the Eleventh Amendment in official capacity suits.  Edelman v. Jordan, 415 U.S. 651 (1974). Plaintiff's pleadings viewed "in their entirety," Hill v. Shelander, 924 F.2d 1370, 1374 (7th Cir. 1991), lead me to conclude that Williams is being sued in his individual capacity.  See Brandon v. Holt 469 U.S. 464 (1985) (course of proceedings rather than the language in the complaint determines what type of action has been brought).

7. In his complaint, Plaintiff mentions that the officer on duty, or "unit rover" was "negligent of his duties" in maintaining watch over the units for which he was responsible. Compl. at 2.  This individual, although mentioned in the complaint, is not a named party.

---

[1] "The warden allow [sic] dangerous inmate to be placed the [sic] medical unit with other inmates who were incapacitated and could not defend themselves. . . ."  Compl. at 2.

However, the omission is of no importance, since negligence cannot support an Eighth Amendment claim. See Farmer, 511 at 837 (rejecting the objective standard and holding that a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety). Therefore, it would be futile to allow an amendment of the complaint to include this person as a party.

8.  In sum, because Plaintiff has alleged sufficient facts to support an Eighth Amendment claim, Defendant's motion to dismiss should be denied.

### Recommendation

I recommend that Defendant's Motion to Dismiss **[docket #11]** should be denied.

Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
UNITED STATES MAGISTRATE JUDGE